**Christopher R. BRUGGEMAN, Plaintiff–Appellant,**

v.

**Edward PAXTON, et al., Defendants– Appellees.**

**No. 00–3917.**

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Pro se Ohio prisoner Christopher R. Bruggeman appeals a district court judgment that dismissed his civil rights suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Bruggeman sued Sgt. Edward Paxton, Officer Yavonne Roberson, and Unit Manager Ray Schaublin, employees of the Allen Correctional Institution. Bruggeman claimed that the defendants violated his constitutional rights under the First, Fourth, Ninth, and Fourteenth Amendments when they retaliated against him for filing grievances.

The district court dismissed Bruggeman's suit pursuant to 28 U.S.C. § 1915(e), concluding that it was frivolous and failed to state a claim for which relief could be granted.

In his timely appeal, Bruggeman argues that the district court erred by dismissing his suit. The defendants have not been served and have not filed a brief.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir.1998).

Bruggeman's suit was properly dismissed under either standard.

■■■ The district court properly rejected Bruggeman's retaliation claim. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). To establish a retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id.*

■■■ Bruggeman wholly failed to meet the causation element required by *Thaddeus-X.* Bruggeman alleged, in a conclusional fashion, that he was punished because he had filed grievances. This allegation is plainly contradicted by Bruggeman's own pleadings, which show that each disciplinary action he received was precipitated by a violation of prison rules on his part. *Id.* at 394.

■■■ Bruggeman's due process claims were properly dismissed. A prison disciplinary proceeding does not give rise to a

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

protected Fourteenth Amendment liberty interest unless it affects the duration of the prisoner's confinement, or the restrictions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997). Bruggeman's placement in cell isolation and segregated confinement does not rise to the level of an atypical and significant hardship. *Sandin*, 515 U.S. at 486, 115 S.Ct. 2293. The district court correctly concluded that Bruggeman had no § 1983 due process claim based upon his placement in disciplinary segregation.

To the extent Bruggeman argues that he was punished on the basis of false misconduct reports—in violation of the Eighth Amendment—or through a thwarting of due process, his claims are not cognizable. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity. *See Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on his claims would imply the invalidity of his disciplinary convictions, Bruggeman's claims are not cognizable. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey*, 230 F.3d at 230.

Bruggeman has advanced no valid claim that he suffered cruel or unusual punishment. The Eighth Amendment proscribes the unnecessary and wanton infliction of pain. *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir.1992) (citations omitted). Bruggeman merely alleged that he was not moved to a unit where he would be more comfortable. The Constitution does not mandate comfortable prisons, *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and Bruggeman did not allege any serious deprivation of food, medical care, or sanitation.

Finally, Bruggeman also claimed that the defendants violated his rights under 42 U.S.C. § 1985. This claim is patently frivolous. To establish a violation of § 1985, Bruggeman was required to show: (1) that the defendants conspired together for the purpose of depriving him of the equal protection of the laws; (2) that they committed an act in furtherance of the conspiracy that caused injury to the plaintiff; and (3) that the conspiracy was motivated by a racial, or other class-based, invidiously discriminatory animus. *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.1999). Bruggeman cites to no authority establishing that he belongs to a recognizable class for purposes of a § 1985 conspiracy claim.

Accordingly, we affirm the judgment of the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.